IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|     Respondent/Plaintiff,       ) | |
| vs.       ) | No. 3:97-CR-0257-G(02) |
|     ) | No. 3:05-CV-0944-G |
| HECTOR ESPINOZA, ID # 70837-079,       ) | |
|     Movant/Defendant.       ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America.

**B. Procedural History**

On July 31, 1998, a jury found movant guilty of conspiracy to distribute a controlled substance (Count 1) and use of a communication facility to facilitate distribution of a controlled substance (Counts 17 and 20). On January 13, 1999, the Court entered judgment upon the jury verdict and sentenced movant to 364 months imprisonment on Count 1 and to 48 months imprisonment on each of the other counts. In April 2001, the Fifth Circuit Court of Appeals affirmed movant's convictions and sentences. Movant did not file a petition for writ of certiorari.

On May 6, 2005, the Court received the instant motion to vacate. Movant asserts that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), the Court improperly sentenced him by utilizing factors not submitted to the jury for determination. He further asserts that his appellate attorney rendered ineffective assistance by failing to supplement his appeal with his *Apprendi* claim. He also claims that the Fifth Circuit's decision is in error. Lastly, he claims that he is actually innocent of the drug offense for which he has been convicted and sentenced because the jury did not consider or decide whether he conspired to possess the specific types and amounts of drugs alleged in the indictment.

## II. STATUTE OF LIMITATIONS

Paragraph 6 of "28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 125 S. Ct. 2478, 2480 (2005). That paragraph provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Although "[i]n most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1) . . . later filings are permitted where subparagraphs (2)-(4) apply." *Dodd*, 125 S. Ct. at 2481.

Because of his reliance upon *Blakely*, movant specifically invites consideration under ¶ 6(3). However, the requirements of ¶ 6(3) have not been satisfied so as to commence the limitations period from the date the Supreme Court decided *Blakely*. The commencement date provided for in ¶ 6(3) "does not apply at all if the conditions in the second clause – the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review' – have not been satisfied." *Id.* at 2482. In this instance, neither the Supreme Court nor the Fifth Circuit has made *Blakely* retroactively applicable to cases on collateral review. *See United States v. Garcia*, Nos. 3:03-CR-0268-L(01), 3:05-CV-0493-L, 2005 WL 1489926, at *2 (N.D. Tex. June 22, 2005). In the absence of a pronouncement by the Supreme Court or the Fifth Circuit that *Blakely* applies retroactively to cases on collateral review, ¶ 6(3) does not apply to delay the commencement of the limitations period in this case. It is therefore premature to rely on ¶ 6(3) to calculate the limitations period from the date the Supreme Court decided *Blakely*.[1]

With respect to the other subsections of ¶ 6, movant has alleged no government-created impediment under ¶ 6(2) that prevented him from filing his federal petition. Thus, for purposes of this action, the statute of limitations runs from the date movant's conviction became final pursuant

---

[1] The Court recognizes that the Supreme Court held in *Dodd* that when ¶ 6(3) applies, the limitations period commences on *the date the Supreme Court recognized the new right*, not the date the right was made retroactively applicable. 125 S. Ct. at 2483 (emphasis added). Although this presents a potentially harsh result when the right is made retroactively applicable more than a year after the Supreme Court first recognizes the new right, the Supreme Court recognized such potential harshness and indicated that it is "not free to rewrite the statute that Congress has enacted." *Id.* It stated: "The disposition required by the text here, though strict, is not absurd. It is for Congress, not this Court, to amend the statute if it believes that the interplay of ¶¶ 8(2) and 6(3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions." *Id.*

3

to ¶ 6(1), or from the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims pursuant to ¶ 6(4).

With regard to ¶ 6(1), movant's federal conviction became final ninety days after the Fifth Circuit Court of Appeals affirmed his conviction and movant failed to file a writ of certiorari with the United States Supreme Court. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *United States v. Gamble*, 208 F.3d 536, 536 (5th Cir. 2000) (per curiam) (holding "that the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition"). Movant's federal conviction thus became final in July 2001.

With regard to ¶ 6(4), the Court determines that the facts supporting the claims raised in the instant motion became known or could have become known through the exercise of due diligence prior to the date movant's conviction became final in July 2001. Although *Blakely* was not decided until June 2004, movant would have known the facts to support his claimed sentencing errors when the Court sentenced him in January 1999. He would have known the factual bases for his claimed ineffective assistance of appellate counsel and alleged appellate court error soon after the Fifth Circuit issued its decision in April 2001. Through the exercise of due diligence, movant should have learned of the bases for such claims by the date his conviction became final in July 2001. He would have known the factual basis for his claim of actual innocence long before his conviction became final.

4

Because ¶¶ 6(2) and (3) are inapplicable and ¶ 6(4) provides an earlier commencement date than ¶ 6(1), the period of limitations commenced in July 2001, when movant's conviction became final. However, he did not file the instant motion to vacate until May 2005 – almost four years later. Thus, under ¶ 6(1), the instant motion to vacate is untimely in the absence of equitable tolling.

While the Fifth Circuit Court of Appeals has held that "the statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances,'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000), movant has provided no basis for equitably tolling the statutory period of limitations. Although movant claims to be actually innocent of the crime for which he has been convicted and sentenced, a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *See Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000).

In addition, movant has not shown himself to be actually innocent of any offense for which he was convicted. The assertion of such claim encumbers movants with a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). Movant asserts that he is actually innocent of the drug offense for which he has been convicted and sentenced because crucial elements of the charged drug offense, *i.e.*, drug amounts and types, were not submitted to the jury for consideration. Such assertion, however, does not carry movant's heavy burden to show that he is actually innocent. Movant has not shown that

5

it is more likely than not that no reasonable juror would have convicted him in light of new evidence not submitted at trial.

The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Because movant has not carried his burden to show that equitable tolling is warranted, such tolling does not save the instant motion to vacate. Consequently, the Court should deny movant's May 2005 motion to vacate as untimely.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 as barred by the statute of limitations.

**SIGNED this 13th day of September, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE